UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAOQIN DAI,<br><br>                    Petitioner,<br><br>        v.<br><br>JAMES JANECHA, Warden of Adelanto ICE Processing Center, et al.,<br><br>                    Respondents. | Case No. 5:26-cv-03966-PD<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A# 242-363-966** |

Xiaoqin Dai ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking immediate release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California.  Dkt. No. 1.  The Court has considered the Petition, Respondents' Answer, and Petitioner's Reply.

## I.    Background

Petitioner is a native and citizen of the People's Republic of China, who was inspected and admitted into the United States on April 4, 2024, on a valid B-1/B-2 nonimmigration visa.  Thereafter, Petitioner applied for asylum, which remains pending.  Petition at 5.

While her asylum application has been pending, Petitioner was granted employment authorization by United States Citizenship and Immigration Services ("USCIS") and obtained a Social Security number.  *Id.*  Since then, she has lived openly, worked lawfully, established community ties, and has no criminal history.

On July 13, 2026, Petitioner was re-detained by ICE at Los Angeles International Airport after arriving from San Francisco.  The ICE officers did not explain the reason for her detention, did not provide a warrant authorizing her detention, and did not provide notice or a hearing.  Petitioner was subsequently transferred to the Adelanto ICE Processing Center, where she remains detained.  *Id.* at 6.  Petitioner has a scheduled asylum interview on July 24, 2026, that she was planning on attending prior to her detention.

## II.    Discussion

The Petition raises two claims: (1) Petitioner's detention without a pre-deprivation hearing violated her right to procedural due process under the Fifth Amendment; and (2) Petitioner's detention violates substantive due process.

### A.    Procedural Due Process

Courts in this District and others have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process.  *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL

158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in).  *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

Courts have extended this principle to noncitizens who have lived at liberty in the United States while their immigration proceedings are pending, pursuant to the Government's decision not to detain them.  *See Gagik T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026) (granting release to noncitizen who entered the United States on a visitor visa, applied for asylum, was granted employment authorization, and remained out-of-custody for six years); *Kharitonova v. Albarran*, No. 3:26-CV-01362-JSC, 2026 WL 531441 at *2 (N.D. Cal. Feb. 25, 2026) ("Although the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained.").  *See also Abdeltawab v. Armant*, No. EDCV 26-01520-MWF (DTB), 2026 WL 1045564 at *1 (C.D. Cal. Apr. 13, 2026) (preliminary injunction granting release and finding liberty interest for noncitizen whose removal proceedings were administratively closed, was granted employment authorization, and then was arrested by immigration authorities for the first time).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the

> fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1.     Private Interest

Petitioner has a substantial private interest in remaining out of custody.  Petitioner has resided in the United States for approximately two years and three months, since April 4, 2024.  During this time, she was granted employment authorization by the government, worked to support herself, established community ties, and has no criminal history.  Petition at 5.

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated."  *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases).  Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions."  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'"  *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

### 2.     Risk of Erroneous Deprivation

With respect to the second *Mathews* factor, the risk of an erroneous deprivation of a petitioner's liberty interest is considerable where she has not received any bond or custody redetermination.  *See Doe v. Becerra*, 787 F.

4

Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk).

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community").

According to the Petition, Petitioner was pursuing her asylum claim and has no criminal history that would suggest she is a danger or flight risk. Respondents do not contend that changed circumstances prompted Petitioner's detention or that she is now a danger or flight risk. *See Abdeltawab*, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) ("The risk [of erroneous deprivation] is especially pronounced here, where there is no reason to believe that Petitioner is or has been previously determined to be a flight risk or a danger to the community.").

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary detention.

### 3.   Government Interest

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]'" *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

Respondents oppose release but do not oppose granting Petitioner a bond hearing. Dkt. No. 8. However, Petitioner "does not ask this Court to order a bond hearing." Petition ¶ 6. Further, Respondents' Answer does not address Petitioner's argument that due to her time at liberty in the United States while pursuing her asylum claim, she was entitled to pre-deprivation notice and a hearing under procedural due process.[1]

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of

---

[1] The absence of opposition to Petitioner's Fifth Amendment due process claim itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

constitutionally adequate procedures has resulted in her unnecessary detention, and any government interest in refusing to provide such process is minimal.  The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claim.  Nothing prevents Petitioner from raising this claim again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## III.    Conclusion

The Court grants the Petition based on Count One under procedural due process and dismisses the remaining count without prejudice.  The prayer for relief seeks an order enjoining Respondents "from re-detaining Petitioner absent notice and a constitutionally adequate hearing before a neutral adjudicator held prior to any such re-detention."  Dkt. No. 1 at 10.  However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

## IV.  Order

For the foregoing reasons, the Petition is GRANTED as to Count One, and the remaining count is dismissed without prejudice.

Petitioner Xiaoqin Dai (A# 242-363-966) is **ordered released** on her prior conditions of release within 24 hours of this Order.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report confirming Petitioner's release.

IT IS SO ORDERED.

DATED: July 24, 2026

_____
Patricia Donahue
United States Magistrate Judge

8